UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TODD M KINGMA,

          Plaintiff,

   v.

SNOHOMISH COUNTY CORRECTIONS BUREAU,

          Defendant.

CASE NO. 2:22-cv-01292-TL-JRC

ORDER TO SHOW CAUSE

This matter is before the Court on referral from the district court and on plaintiff's motion to proceed *in forma pauperis* (IFP). *See* Dkt. 6.

Plaintiff is incarcerated and his proposed complaint is subject to screening by the Court under 28 U.S.C. §§ 1915(e) and 1915A, which require dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend his proposed complaint to correct the deficiencies set forth herein.

1   If plaintiff chooses to amend his proposed complaint, he must file his amended proposed
2   complaint on the Court's form, on or before **January 20, 2023**. Failure to do so or to comply
3   with this Order will result in the undersigned recommending dismissal of this matter without
4   prejudice. Because it does not appear that plaintiff has presented this Court with a viable claim
5   for relief, the Court declines to rule on his IFP motion at this time. Instead, the Clerk shall renote
6   the IFP motion for the Court's consideration on January 20, 2023.

## BACKGROUND

8   Plaintiff is housed at the Washington Corrections Center and initiated this matter by
9   filing a proposed complaint and a motion to proceed IFP. *See* Dkts. 1-1, 6. Plaintiff brings suit
10  against Snohomish County Corrections Bureau for alleged violations of his constitutional rights.
11  *See* Dkt. 1-1. Specifically, plaintiff alleges that defendant's employees denied plaintiff access to
12  the courts by failing to send out his mail and they retaliated against him when he complained by
13  placing him in segregation. *See id.* at 3–5. He also appears to claim that medical staff were
14  deliberately indifferent to his medical needs by declining to provide medical treatment while he
15  was in segregation. *See id.* at 8. In all, plaintiff alleges that defendant violated his First, Eighth,
16  and Fourteenth Amendment rights. *See id.* at 9–12. Plaintiff is seeking $150,000.00 in damages
17  and injunctive relief concerning the jail's mail processing, "so that this never happens again." *Id.*
18  at 14.

## DISCUSSION

### I. Legal Standards

21  Under the Prison Litigation Reform Act of 1995 ("PLRA"), the Court is required to
22  screen complaints brought by prisoners seeking relief against a governmental entity or officer or
23  employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the

complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim upon which relief may be granted, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations—but not legal conclusions—when reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556 U.S. at 678.

When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation omitted).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must sufficiently allege (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately

caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to "identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second step, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**II.     Analysis**

Plaintiff's proposed complaint is deficient for two reasons. First, although local government entities (such as a county) may be held liable under § 1983, *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978), plaintiff must name the government entity itself and not a particular department or facility where the injuries occurred, *see Bradford v. City of Seattle,* 557 F. Supp. 2d 1189, 1207 (W.D. Wash. 2008). Plaintiff improperly names Snohomish County Corrections Bureau as the defendant in his proposed complaint. *See* Dkt. 1-1.

Second, even if plaintiff had named Snohomish County as a defendant, it will only be liable if the allegedly unconstitutional actions of its employees are alleged to have been taken pursuant to a "policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Alternatively, local government entities also can be liable for adopting an unconstitutional custom, even if such custom has not received formal approval through the body's official decision-making channels. *Id.* at 690-91. But a local government entity cannot be held liable under § 1983 simply because it employs someone who has allegedly acted unlawfully. *Id.* at 691, 694. Plaintiff fails to allege that any policy or custom was the "moving force" behind the alleged deprivation of his constitutional rights. *Bd. of Cnty. Comm'rs of Bryan Cnty., Oklahoma v. Brown*, 520 U.S. 397, 400 (1997). If

there is no policy and plaintiff is only alleging that particular officers violated his constitutional rights, he must name those officers as defendants and specify their personal involvement as described by the legal standard above.

If plaintiff wishes to pursue this § 1983 action, he must provide an amended proposed complaint with a short, plain statement explaining exactly what the named defendants did or failed to do and how the actions violated plaintiff's constitutional rights and caused him harm. Plaintiff may also provide an amended proposed complaint including additional defendants, similarly including a short, plain statement explaining what those additional defendants did or failed to do and how their actions violated plaintiff's constitutional rights.

## CONCLUSION

Due to the deficiencies described above, unless plaintiff shows cause or amends the proposed complaint, the Court will recommend dismissal of the proposed complaint without prejudice. If plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended proposed complaint and within the amended proposed complaint, he must write a short, plain statement telling the Court: (1) the constitutional right plaintiff believes was violated; (2) the name or names of the person or persons who violated the right; (3) exactly what each individual or entity did or failed to do; (4) how the action or inaction of each individual or entity is connected to the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individuals' conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

Plaintiff shall present the amended proposed complaint on the form provided by the Court. The amended proposed complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not

incorporate any part of the original proposed complaint by reference. The amended proposed complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended proposed complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended proposed complaint must be complete in itself, and all facts and causes of action alleged in the original proposed complaint that are not alleged in the amended proposed complaint are waived. *Forsyth*, 114 F.3d at 1474. The Court will screen the amended proposed complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of plaintiff's rights.

If plaintiff fails to file an amended proposed complaint or fails to adequately address the issues raised herein on or before **January 20, 2023**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to provide plaintiff the appropriate forms for an incarcerated person to file a 42 U.S.C. § 1983 civil rights complaint. The Clerk is further directed to renote the motion to proceed IFP (Dkt. 6) for January 20, 2023.

Dated this 16th day of December, 2022.

J. Richard Creatura
Chief United States Magistrate Judge