UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TODD M KINGMA,<br><br>                Plaintiff,<br><br>   v.<br><br>SNOHOMISH COUNTY<br>CORRECTIONS BUREAU, *et al.*,<br><br>                Defendants. | CASE NO. 2:22-cv-01292-TL-JRC<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: March 31, 2023 |

This matter is before the Court on referral from the District Court and on plaintiff's failure to prosecute.

Plaintiff initiated this 42 U.S.C. § 1983 action on September 12, 2022. However, plaintiff has not responded to the Court's orders or filed anything since November 2022, which suggests that plaintiff has abandoned this action. Therefore, the Court recommends that the District Court dismiss plaintiff's action without prejudice for failing to prosecute his case and for not complying with Court orders.

REPORT AND RECOMMENDATION - 1

**BACKGROUND**

Plaintiff, proceeding *pro se*, initiated this § 1983 action in September 2022 when he filed an application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1. The Clerk's office issued a notice informing plaintiff that his IFP application was deficient. *See* Dkt. 2. However, the notice was returned as undeliverable on September 23, 2022. *See* Dkt. 3. On October 7, 2022, plaintiff updated his address with the Court. *See* Dkt. 4. Because it appeared that he did not receive the Clerk's notice, the Court ordered plaintiff to correct his IFP application. *See* Dkt. 5. On November 14, 2022, plaintiff filed a correct IFP form. *See* Dkt. 6.

On December 16, 2022, after screening plaintiff's proposed complaint, the Court ordered plaintiff to show cause or amend his proposed complaint because it failed to state a claim against the named defendants. *See* Dkt. 8. The Court gave plaintiff until January 20, 2023, to respond. *See id.* at 6. However, the Court's order was returned to the Clerk's office as undeliverable. *See* Dkt. 9. On February 6, 2023, the Court issued an order extending the deadline for plaintiff to respond to the Court's order to show cause. *See* Dkt. 10 (extending the deadline to March 3, 2023).

Plaintiff has not responded to the Court's orders.

**DISCUSSION**

Rule 41(b), of the Federal Rules of Civil Procedure, allows a Court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any Court order. *See also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986) ("The district court has the inherent power sua sponte to dismiss a case for lack of prosecution.").

Plaintiff has not filed anything in this action since November 14, 2022. *See* Dkt. 6. The Court has provided multiple opportunities for plaintiff to participate in this matter to no avail.

Therefore, the Court recommends dismissal of this matter without prejudice for failure to comply with a Court order and for failure to prosecute. No certificate of appealability shall issue.

## CONCLUSION

This matter should be dismissed without prejudice and no certificate of appealability should be issued.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 31, 2023,** as noted in the caption.

Dated this 13th day of March, 2023.

J. Richard Creatura
United States Magistrate Judge